UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH BALDWIN,

    Petitioner,

v.                                    Case No. 2:18-cv-320-JES-NPM

SECRETARY, DOC,

    Respondent.
_____

**ORDER OF DISMISSAL**

This cause is before the Court for consideration of Kenneth Baldwin's ("Petitioner's") 28 U.S.C. § 2254 petition for writ of habeas corpus. (Doc. 1, filed May 7, 2018). Petitioner challenges the convictions and sentences entered by the Twentieth Judicial Circuit Court in and for Charlotte County, Florida on November 16, 1998 and October 15, 2012. (Id. at 1).

Upon consideration of the state court record and the pleadings filed by both Petitioner and Respondent, the Court concludes that the petition must be dismissed without prejudice as a successive habeas corpus petition.

    **I.    Background and Procedural History**

On May 16, 1996, the State of Florida charged Petitioner in a three-count information with first-degree burglary with assault or battery (count one); sexual battery with a deadly weapon or great force (count two); and battery on a person 65 years or older

(count three).  (Doc. 15-2 at 44-45).  On October 6, 1998, Petitioner proceeded to trial on an amended information (id. at 144-45), and a jury found him guilty as charged.  (Doc. 15-3 at 28-30).  The trial court sentenced Petitioner as a violent habitual felony offender to concurrent terms of life in prison for burglary and sexual battery (counts one and two) and to ten years for battery (count three).  (Doc. 15-3 at 93-100).  On April 10, 2002, Florida's Second District Court of Appeal ("Second DCA") affirmed Petitioner's convictions and sentences per curiam without a written opinion.  (Doc. 15-3 at 293).

On February 4, 2004, Petitioner filed a motion to correct an illegal sentence under Rule 3.800(a) of the Florida Rules of Criminal Procedure ("Rule 3.800 motion").  (Doc. 15-3 at 297-313). Petitioner urged that the trial court had erred by sentencing him as a habitual felony offender and by providing an invalid reason for departing from the sentencing guidelines.  (Doc. 15-3 at 298). The trial court denied the Rule 3.800 motion in a written order (Doc. 15-5 at 2-4), and Florida's Second DCA affirmed per curiam. (Doc. 15-5 at 195).

On September 25, 2006, Petitioner filed a 28 U.S.C. § 2254 petition in this court (MDFL Case No. 2:06-cv-513-UA-D_F) challenging his convictions on all counts, but the Court dismissed

the petition with prejudice as time-barred on November 19, 2008. (Doc. 15-5 at 260-65).

On January 4, 2011, Petitioner filed a state petition for writ of habeas corpus. (Doc. 15-6 at 39-45). Petitioner argued that his sentence was illegal because at the time of his convictions, the habitual violent felony offender (HVFO) statute did not apply to life felonies. He also argued that his sentence was illegal because the Florida Supreme Court invalidated the sentencing guidelines for offenses that occurred between October 1, 1995 and May 24, 1997 under Heggs v. State, 759 So. 2d 620 (Fla. 2000). (Id.) In response, the State argued that Petitioner was not entitled to relief on his claims, but agreed that he should be resentenced on count two, the sexual battery with great force life felony (although not de novo):

> Although not raised in the motion before the Court, case law suggests that the defendant is entitled to resentencing on count two, the life felony. The Supreme Court in State v. Thompson, 750 So. 2d 643 (Fla. 1999), held that chapter 95-182, Laws of Florida, is unconstitutional as violative of the single subject rule. In so holding, the court found that the imposition of a habitual felony offender sentence may be challenged if the life felony was committed between October 1, 1995, and May 24, 1997. *Id.* at 649; see also Cooper v. State, 884 So. 2d 286 (Fla. 2d DCA 2004); Kinsey v. State, 831 So. 2d 1253 (Fla. 2d DCA 2002). While case law suggests that the defendant's habitual offender sentence on count two should be corrected, the length of the sentence is permissible because the court

3

> stated reasons aside from the HVFO designation for the upward departure from the guidelines. (State's Exhibit M, Transcript of Proceedings, pg. 93, line 25-pg. 94, line 12; State's Exhibit F, Scoresheet).
>
> Therefore, the only correction needed in this case is on count two regarding the mandatory/minimum provisions on the judgment and sentence, where the court adjudicated the defendant a HVFO. (State's Exhibit E, Judgment & Sentence). This correction applies only to count two. Count one, the first degree felony punishable by life, should have the HVFO designation, and at resentencing, the court should amend the judgment and sentence so it reflects this correction.
>
> At most, this correction to the judgment and sentence will only have a ministerial impact, as the defendant maintains his HVFO designation on count one and remains obligated to serve a term of natural life in DOC. So while the sentence on count two should be corrected, in effect, there will not be any real impact on the length of time that the defendant will serve in DOC. Since all that is required in this case is a ministerial act of sentence correction, it is not necessary that the defendant be present at the resentencing hearing. Dougherty v. State, 785 So. 2d 1221, 1223 (Fla. 4th DCA in his or her absence .... An exception is made in resentencing cases where all that is required on remand is a ministerial act of sentence correction."); see also Frost v. State, 169 So. 2d 443, 444 (Fla. 1st DCA 2000); Williams v. State. 697 So.2d 584 (Fla. 4th DCA 1997).

(Doc. 15-6 at 58). The trial court treated the petition for writ of habeas corpus as a Rule 3.800 motion and directed the clerk to "correct page one of the Defendant's November 16, 1998 judgment and sentence to reflect that burglary with a battery, count one,

is a first-degree felony punishable by life imprisonment (i.e., not a life felony)." (Doc. 15-6 at 171). The court also directed the clerk to "forward a copy of the correction to the Florida Department of Corrections." (Id. at 172). The trial court determined that Petitioner was actually entitled to de novo resentencing under the 1994 sentencing guidelines on count two only. (Id.)[1] Thereafter, on April 28, 2011, the clerk entered a corrected judgment noting that count one was amended to reflect that it was a first-degree felony, punishable by life. (Doc. 15-7 at 159). The amendment was specifically entered nunc pro tunc to November 16, 1998—the date of the original sentencing. (Id.)

---

[1] Specifically, the court determined:

> Before the enactment of chapter 95-182 [of the Florida Statutes], a defendant convicted of a life felony was not subject to an enhanced punishment as a habitual offender . . . However, in State v. Thompson, 750 So. 2d 643 (Fla. 1999), the Florida Supreme Court declared chapter 95-182 unconstitutional. The imposition of a habitual offender sentence for a life felony can be challenged under Thompson if the defendant committed the life felony between October 1, 1995, and May 24, 1997. Cooper v. State, 884 So. 2d 286 (Fla. 2d DCA 2004); see Kinsey. Here, because the Defendant committed count two on or about March 20, 1996, he is entitled to Thompson relief on that count. Cooper; see Kinsey. The remedy is a de novo resentencing on count two. Childers v. State, 861 So. 2d 1194 (Fla. 2d DCA 2003 ).

(Doc. 15-6 at 171).

Petitioner sought rehearing, arguing that, because counts one and two were ordered to run concurrently, and adjudicated as HVFO offenses, <u>both</u> counts needed to be vacated. (Doc. 15-6 at 161–63). The trial court denied the motion, but once again ordered the clerk to correct the judgment and sentences to properly reflect the degree of each count. (Doc. 15-7 at 174). On December 28, 2011, Florida's Second DCA affirmed. (Doc. 15-8 at 230).

The trial court held a resentencing hearing on count two on October 15, 2012 and sentenced Petitioner to 179.5 months on count two, but left everything else the same. (Doc. 15-8 at 181–221).[2] On appeal, counsel for Petitioner filed an initial brief under <u>Anders v. California</u>, 386 U.S. 738 (1967). (Doc. 15-8 at 234–47). Thereafter, Petitioner filed a pro se brief on appeal, arguing that the re-sentencing court erred by using his HVFO sentence in count one to compute his guideline sentence in count two. (<u>Id.</u> at 254–67). On December 27, 2013, Florida's Second DCA affirmed without a written opinion. (<u>Id.</u> at 269).

On May 14, 2014, Petitioner filed a state petition for writ

---

[2] Because Petitioner had already served more than 179.5 months in prison, the sentence was effectively a sentence of "time served," but Petitioner was still subject to the life sentence on count one. The judge specifically noted that he was re-sentencing Petitioner only on count two, explaining that he did not "know of any requirement to have to resentence on all counts when the order only addressed one." (Doc. 15-8 at 202). After the resentencing a separate judgment was entered addressing count two only. (Doc. 15-8 at 316).

6

of habeas corpus, arguing that appellate counsel was ineffective for filing an Anders brief and for failing to argue that the 179.5-month sentence he received on re-sentencing was vindictive. (Doc. 15-8 at 283–369). On July 24, 2014, Florida's Second DCA denied the petition without opinion and without ordering the state to respond. (Id. at 393).

On August 12, 2014, Petitioner filed another Rule 3.800 motion, raising four claims of trial court error during his resentencing. (Doc. 15-9 at 2–29). The trial court denied the motion (id. at 217–54) and Florida's Second DCA affirmed. (Id. at 277).

On September 23, 2015, Petitioner filed a motion under Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion"). (Doc. 37-1). It was denied on May 18, 2017. (Id. at 302).

On October 19, 2015, while the Rule 3.850 motion was still pending, the State filed a motion to have Petitioner designated as a sexual predator under section 775.21(4)(a) of the Florida Statutes. (Doc. 15-10 at 205). The trial court found that Petitioner qualified as a sexual predator. (Id. at 217).

## II. Discussion

Petitioner ultimately attacks the convictions and sentences imposed by the Twentieth Judicial Circuit Court in Charlotte

7

County, Florida on October 9, 1998. (Doc. 1). Petitioner already filed a 28 U.S.C. § 2254 petition attacking these same convictions on September 27, 2006, but it was dismissed as untimely. See MDFL Case No. 2:06-cv-513-UA-D_F at docket entry 20. Accordingly, this is a second, or successive petition, and Petitioner does not state that he obtained leave from the Eleventh Circuit to file a successive petition. See 28 U.S.C. § 2244(b)(3)("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Rule 9, Rules Governing Section 2254 Cases in the United States District Court. Without authorization from the Eleventh Circuit, this Court is without jurisdiction to consider a second or successive petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (finding that, because the petitioner "never sought nor received authorization from the Court of Appeals" before filing a successive petition challenging his custody, "the District court was without jurisdiction to entertain it").

Petitioner urges that this is not a successive petition because "where the State Court corrected a legal error in the initial sentence, and resentencing that imposed a *New Sentence* that is substantively different than the one originally imposed. There is a *New Judgment* under the Eleventh Circuit and Supreme

8

Court(s) case law." (Doc. 18) (emphases in original).

The Court recognizes that the term "second or successive" is not self-defining and that not all habeas applications filed after the first are per se successive. Panetti v. Quarterman, 551 U.S. 930, 943-44 (2007); Stewart v. United States, 646 F.3d 856, 860 (11th Cir. 2011). For example, where there is a "new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive." Magwood v. Patterson, 561 U.S. 320, 341–42 (2010) (quoting Burton, 549 U.S. at 156 (internal quotation marks omitted)).

It is undisputed that Petitioner's judgement as to count one was amended and that he was resentenced on count two. However, despite Petitioner's arguments otherwise, not every adjustment to a judgment results in a "new judgment" sufficient to overcome section 2244(b)'s jurisdictional bar. See Osbourne v. Sec'y, Fla. Dep't of Corr., 968 F.3d 1261, 1265-66 (11th Cir. 2020) (discussing this principle with respect to the restriction on second or successive habeas petitions). Moreover, the Eleventh Circuit has emphasized that "[t]he judgment that matters for purposes of section 2244 is the judgment authorizing the petitioner's confinement." Patterson v. Sec'y, Fla. Dep't of Corr., 849 F. 3d 1321, 1325 (11th Cir. 2017). Therefore, before this Court may

9

consider Petitioner's successive petition, it must first find that: (1) the adjustments to Petitioner's sentences resulted in a new judgment; and (2) his present confinement is authorized under the new judgment. In other words, if Petitioner's current confinement is authorized only under the original judgment (that was already challenged in his original section 2254 petition), his instant habeas petition must be dismissed as successive.

Petitioner was originally sentenced to concurrent terms of life in prison on counts one and two. The state court's order to amend the judgment on count one did not change Petitioner's sentence. Rather, the court merely changed the listed "Degree of Crime" from a "life felony", to a "felony punishable by life."[3] After amendment, Petitioner remained subject to a life sentence on count one, and this is the sentence he is presently serving.[4] The

---

[3] Specifically, the court direct the Clerk of Court to "correct page one of the Defendant's November 16, 1998 judgment and sentence to reflect that burglary with a battery, count one, is a first-degree felony punishable by life imprisonment (i.e., not a life felony)." (Doc. 15-6 at 171). The corrected judgment was entered nunc pro tunc to November 16, 1998. (Doc. 15-7 at 159).

[4] That Petitioner was not resentenced on count one was explained to Petitioner by the trial court in the order denying his Rule 3.850 motion. (Doc. 37-1 at 300–01). The postconviction court explained to Petitioner that he "was resentenced as to Count 2 only" and that "[t]he Court corrected the written judgment and sentence [on count one] by order rendered June 8, 2011 to indicate that the Defendant's conviction was for a felony punishable by life. No resentencing was required as to Count 1[.]" (Id.)

"correction" to the judgment on count one is akin to the type of "clerical error" described in Patterson and determined to "generally relate back to the original judgment." Patterson, 849 F.3d at 1327. Moreover, the state court specifically entered the "corrected judgment" nunc pro tunc to November 16, 1998—the date of Petitioner's original judgment. (Doc. 15-7 at 159). Therefore, under Florida law, the amendment of Petitioner's sentence on count one related back to the date of the initial judgment and was not a new judgment for purposes of 28 U.S.C. § 2244(b). See Osbourne, 968 F.3d at 1266 (recognizing that "under Florida law, nunc pro tunc means now for then [thus] when a legal order or judgment is imposed nunc pro tunc it refers, not to a new or de novo decision, but to the judicial act previously taken, concerning which the record was absent or defective").[5]

---

[5] The facts in Osbourne parallel those in this petition. In Osbourne, the trial court ordered an amended sentence to reflect the deletion of a ten year minimum mandatory sentence as to a single count in a multi-count judgment. 968 F.3d at 1263. Otherwise, Mr. Osbourne's sentence remained unchanged. Id. The judgment was corrected nunc pro tunc to the date of the original sentence. After the amendment, Mr. Osbourne filed a second section 2254 petition, and maintained that he could do so because he was resentenced and a new judgment entered. Id. at 1264. The district court dismissed as an unauthorized second or successive petition. Id. The Eleventh Circuit affirmed because Mr. Osbourne's amended sentence had been imposed nunc pro tunc to the date of the original judgment. Id. at 1266-67. The court found that "there ]was] no intervening new judgement here authorizing Osbourne's confinement" and as a result, his second section 2254 petition "was an unauthorized second or successive petition over

A new judgment <u>was</u> issued as to count two of the information on October 25, 2012. (Doc. 15-8 at 316). However, the new judgment on count two does not confer section 2241(b) jurisdiction because it is not the judgment that authorizes Petitioner's present confinement and is not the judgment being challenged. "Whether a petition is second or successive depends on 'the judgment challenged.' " <u>Patterson</u>, 849 F.3d at 1325 (quoting <u>Insignares v. Sec'y, Fla. Dep't of Corr.</u>, 755 F.3d 1273, 1278 (11th Cir. 2014)). The new judgment "must be a 'judgment authorizing the prisoner's confinement.' " <u>Id.</u> (quoting Magwood, 561 U.S. 332). The sentence on count two (a reduction from life to 176.5 months) had already expired when it was imposed, and Petitioner was never "held" on that judgment. Therefore, the only judgment authorizing Petitioner's present confinement (and the only judgment authorizing his confinement on the day he filed this petition) is the life sentence entered nunc pro tunc to November 16, 1998. However, Petitioner has already challenged that judgment in his first section 2254 petition. When the district court dismissed the first federal habeas petition as untimely, Petitioner lost his one chance to obtain federal habeas review of the 1998 judgment.[6]

---

which the district court lacked jurisdiction." <u>Id.</u>

[6] Petitioner cannot avoid section 2244(b) by arguing that he actually attacks the conviction and sentence on count two under the new judgment. A federal district court has jurisdiction to

12

### III. Conclusion

This case will be dismissed without prejudice to allow Petitioner an opportunity to seek authorization from the Eleventh Circuit for a second challenge to his incarceration. Petitioner is advised that section 2244(b)(2) limits the circumstances under which the appellate court will authorize a second or successive habeas corpus petition, and section 2244(d) imposes a time limitation on filing a habeas corpus petition.

Finally, no certificate of appealability is required to appeal a district court's dismissal for lack of subject matter jurisdiction of a successive habeas petition because such orders are not "a final order in a habeas corpus proceeding." See Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004).

Accordingly, it is now **ORDERED**:

1. This petition is **DISMISSED** without prejudice as successive.

---

consider a section 2254 habeas corpus petition only from a petitioner "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); Unger v. Moore, 258 F.3d 1260, 1263 (11th Cir. 2001) (recognizing that whether a petitioner is in custody pursuant to the judgment of a state court is a jurisdictional question). Petitioner was not in custody pursuant to the judgment on count two when he filed this petition because that sentence had already fully expired. See Maleng v. Cook, 490 U.S. 488, 490 (1989) (recognizing that the Supreme Court has "interpreted the statutory language [of section 2254(a)] as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed").

2. The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

3. The **Clerk** shall also send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) by a Prisoner in State Custody" form.

**DONE AND ORDERED** in Fort Myers, Florida on this ___7th___ day of June, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA:     FTMP-2
Encl:   Application for Leave to File Second or Successive
        Habeas Corpus Petition 28 U.S.C. s 2244(b) by a
        Prisoner in State Custody