UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH BALDWIN,

     Petitioner,

v.                          Case No. 2:18-cv-320-JES-NPM

SECRETARY, DOC,

     Respondent.

_____

**<u>ORDER</u>**

Petitioner's "Motion for Reconsideration" is before the Court.  (Doc. 40, filed June 30, 2021).  Petitioner seeks reconsideration of this Court's June 7, 2021 order dismissing Petitioner's 28 U.S.C. § 2254 petition without prejudice as successive.  (Doc. 38).  For the reasons given in this Order, Petitioner's motion is denied.

## I.  Legal Standards

A habeas petitioner may file a motion to alter or amend a judgment within 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).  Rule 59(e) gives a district court the chance " 'to rectify its own mistakes in the period immediately following' its decision."  <u>Banister v. Davis</u>, 140 S. Ct. 1698, 1703 (2020) (quoting <u>White v. New Hampshire Dep't of Employment Security</u>, 455 U.S. 445, 450 (1982)).  However, "courts will not address new arguments or evidence that the moving party could have raised

1

before the decision issued." Banister, 140 S. Ct. at 1703.  The decision to reconsider a judgment is committed to the sound discretion of the district court.  Drago v. Jenne, 453 F.3d 1301, 1305 (11th Cir. 2006); Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998).

Notably, a Rule 59(e) motion should not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

## II.  Discussion

Petitioner first argues that the undersigned should not have considered his habeas petition due to a conflict of interest. (Doc. 40 at 1–2).  Specifically, he argues that because United States District Judge Sheri Polster Chappell was the assistant state attorney at his November 16, 1998 trial, the undersigned could not "faithfully and impartially discharge and perform in accordance with the procedure demanded by the constitution."  (Id. at 2) (citing Chessman v. Teets, 354 U.S. 156, 157 (1957)).

A district judge should recuse himself if his impartiality might reasonably be questioned.  Parker v. Connors Steel Co., 855 F.2d 1510, 1523 (11th Cir. 1988).  "The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  Id. at 1524.

2

Petitioner's argument that this Court could not be impartial because a <u>different</u> federal judge worked on his underlying state case more than twenty years ago makes no sense.  Under Petitioner's reasoning, <u>no</u> district judge in the Middle District of Florida could consider his petition or the habeas petition of any person whose state prosecutor is now a district judge.  No objective, disinterested lay observer, fully informed of the reason for Petitioner's request for recusal, would doubt the undersigned's impartiality.

Petitioner next strenuously rehashes the arguments originally made in his habeas petition.  While a Court can consider the need to correct clear error, the movant must do more than simply restate previous arguments, which is what Petitioner does here.  <u>Bautista v. Cruise Ships Catering & Service Int'l, N.V.</u>, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003).  If Petitioner thinks the legal reasoning underlying the Court's decision is wrong, he should appeal the ruling, not seek reconsideration.  <u>Jacobs v. Tempur-Pedic Int'l, Inc.</u>, 626 F.3d 1327, 1344 (11th Cir. 2010).

Finally, Petitioner appears to seek a certificate of appealability on the Court's order of dismissal. (Doc. 40 at 5).  The Court explained to Petitioner that no certificate of appealability is required to appeal a district court's order dismissing a habeas petition for lack of subject matter jurisdiction, as the June 7, 2021 order did.  (Doc. 38 at 13).

3

## II.  Conclusion

Petitioner has not demonstrated the existence of any ground for this Court to reconsider its dismissal of his 28 U.S.C. § 2254 petition for lack of subject matter jurisdiction.  Petitioner's Motion for Reconsideration (Doc. 40) is **DENIED**.[1]

**DONE AND ORDERED** in Fort Myers, Florida on this ___4th___ day of August 2021.

 

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:  FTMP-2

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[1] Because the denial of a Rule 59(e) motion for reconsideration constitutes a final order in a habeas proceeding, a certificate of appealability is required before Petitioner will be allowed to appeal this Order.  Perez v. Sec'y, Dep't of Corr., 711 F.3d 1263, 64 (11th Cir. 2013).  Petitioner has not made a substantial showing of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 483 (2000) ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right[.]")  Therefore, Petitioner is denied a certificate of appealability on this Order.

4